IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS HENRY THORNTON <br> Plaintiff, <br> v. <br><br> A.W. OLIVER <br> UNKNOWN OFFICERS <br> Defendants. | * <br><br> * CIVIL ACTION NO. RDB-14-52 <br> * <br> * <br> * <br> ***** |

## MEMORANDUM OPINION

On January 7, 2014, Douglas Henry Thornton ("Thornton"), a detainee at the Baltimore City Detention Center ("BCDC") filed this 42 U.S.C. § 1983 Complaint seeking injunctive relief and damages. Defendant Oliver has filed a Motion to Dismiss or for Summary Judgment. ECF No. 9. Thornton, having been notified of his rights and obligations to file responsive pleadings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 10, has chosen not to file opposition materials. No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2011). For reasons to follow, Defendant Oliver's dispositive Motion, construed as a motion for summary judgment, IS GRANTED.

## BACKGROUND

Thornton claims that he was housed with 100 other detainees in a building at BCDC which contained no "smoke detective system" and had overflowing toilets and was unsanitary. ECF No. 1. He further complains that BCDC has no law library. *Id.*

## STANDARD OF REVIEW

### I.     Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to

test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a Court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a Complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2.  **Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the Court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the

color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a Plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Plaintiff's Allegations**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and liberally construes Thornton's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Defendant Oliver argues that Thornton's claims are subject to dismissal. She argues that Thornton: (1) has failed to exhaust his administrative remedies under the BCDC's grievance procedure; and (2) has failed to set out factual allegations linking Defendant Oliver to the alleged deprivations of which he complains. Thornton does not refute either argument.

Defendants argue that Plaintiff's claims are barred due to his failure to exhaust his administrative remedies. *See* ECF No. 9 at Ex. A, Levin Aff. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative

4

remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by Defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Thornton's claims fall under the exhaustion prerequisites of § 1997e(a), and must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that Defendant has forfeited his right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp. 2d 523, 528 (D. Md. 2003). It remains unrefuted that Thornton failed to exhaust his administrative remedies regarding his conditions claims.

Further, the Court observes that Thornton has failed to demonstrate Assistant Warden Oliver's personal involvement in the alleged deprivations. There are no allegations that she was personally involved in the day-to-day conditions or care received at BCDC and Thornton has provided no evidence demonstrating supervisory liability on her part. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Finally, the Court observes that under the Prison Litigation Reform Act (42 U.S.C. §1997e(e)), a physical injury requirement is coextensive with the physical injury test. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997); *see also Jones v. Price*, 696 F. Supp.2d 618, 624 (N.D. W. Va. 2010) (no federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury). It is the nature of the relief sought, however, and not the underlying substantive violation that controls this limitation on recovery in § 1997e(e).

Insofar as Thornton seeks damages, he has failed to show real and actual physical injuries resulting from the alleged deprivations. Therefore, he does not satisfy 42 U.S.C. §1997e(e) physical injury requirements.

## CONCLUSION

For the aforementioned reasons, Defendant Oliver's court-construed motion for summary judgment will be granted. The Complaint against Defendants "Unknown Officers" is dismissed.[1] A separate Order follows dismissing the Complaint.

Date: July 16, 2014

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] Thornton has listed unidentified correctional officers as Defendants in the caption of his Complaint. Such a claim is factually deficient under both *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A Plaintiff may name "John Doe" as a Defendant when the identity of a Defendant is unknown. However, a district court is not obligated "to wait indefinitely for the Plaintiff to take steps to identify and serve...unknown defendants." *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998). Thornton has had sufficient time to identify all the Defendants in this action yet has failed to specifically identify any "Unknown" Defendants. Therefore, Defendants "Unknown Officers" are dismissed from this action.

6